IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA ARGUETA DE VALLADARES | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:23-CV-01514 |
| | § | |
| PF CASA CRUZ LLC (DBA CASA CRUZ APARTMENTS) | § § § | |
| *Defendant.* | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MARIA ARGUETA DE VALLADARES** hereinafter referred to as "Plaintiff", and files this her Amended Complaint, complaining of **PF CASA CRUZ, LLC DBA CASA CRUZ APARTMENTS,** hereinafter referred to as "Defendant" and for cause of action would respectfully show the Court as follows:

## PARTIES

Plaintiff, **MARIA ARGUETA DE VALLADARES**, is an individual residing in Harris County, Texas.

Defendant, **PF CASA CRUZ, LLC DBA CASA CRUZ APARTMENTS**, is a foreign limited liability company (LLC) operating a business in the State of Texas located at 6727 Telephone Road, Houston, Texas 77061. Defendant has been properly served and has made an appearance through their counsel of record, Clinton V. Cox, Cox PLLC, 8144 Walnut Hill Lane, Suite 1090, Dallas, Texas 75231. Defendant may be served by serving their counsel of record.

## MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of

parties named herein.  Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Pursuant to Federal Rule of Civil Procedure 26, Plaintiff reserves the right to substitute this Defendant's true name, if different than the foregoing, after adequate time for discovery.

## JURISDICTION AND VENUE

This Court has jurisdiction over the lawsuit under 28 U.S.C § 1332(a)(1) because Plaintiff is a citizen of the State of Texas and Defendant is considered a citizen of California. Defendant's principal place of business is in California and its sole member Robert Barnum is a resident and citizen of California. Additionally, the amount in controversy exceeds $75,000.00, excluding interest and costs.

Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions given rise to this claim occurred in this district. The incident giving rise to Plaintiff's claims involves activity upon a property located in Houston, Texas, which is located in this district.

## FACTS

At all times material hereto, **Defendant PF CASA CRUZ, LLC DBA CASA CRUZ APARTMENTS**, was the owner of the premises located at 6727 Telephone Road, Unit 347, Houston, Texas 77061, herein referred to as ("Property").

On or about November 29, 2021, Plaintiff, a paying tenant in Defendant's Property, suffered a severe slip and fall due to a hazardous condition within the Property. Specifically, the Property's interior plumbing system malfunctioned, causing the toilet and bathtub to overflow and flood the area where Plaintiff was walking through.

Plaintiff's injuries were directly caused by the fall/slip/trip and were proximately caused by the hazardous condition described above. Defendant knew or should have known that the condition existed in the exercise of ordinary care. As a business invitee, Plaintiff was owed a duty of care by Defendant to make the premises reasonably safe and to warn of any dangerous conditions and/or activities.

Furthermore, Defendant breached this duty of care by failing to maintain the Property in a safe and habitable condition and by allowing the hazardous condition to exist. As a direct result of Defendant's negligence, Plaintiff suffered ongoing physical injures.

## CAUSE OF ACTION: NEGLIGENCE AND GROSS NEGLIGENCE

All allegations are made in the alternative. Plaintiff was on Defendant's premises at the express or implied invitation of Defendant. Defendant owed a duty to Plaintiff to exercise ordinary care in its ownership, possession, operation, control, maintenance, and use of Defendant's premises to reduce or eliminate unreasonable risks of harm, which Defendant knew about or in the exercise of ordinary care should have known about.

As a matter of routine, Defendant should never have created or allowed the slip/trip hazard to remain where Defendant knew or should have known Plaintiff could slip/trip and fall over it. Defendant should have immediately corrected the slip/trip and fall hazard in a timely manner but failed to do so. Additionally, Defendant should have immediately notified Plaintiff of this condition. Defendant acting through its agents, servants, and employees failed to use the degree of care which an owner or occupier would have used under the same or similar circumstances. Specifically, Defendant breached its duty of ordinary care by creating and then allowing the slip/trip and fall hazard to remain and not promptly assuring that Defendant's occupier had a safe unit/surface on which to walk and move about.

Defendant's failure to exercise reasonable care proximately caused the incident in question and resulting damages.

The occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by the negligence and gross negligence when Defendant:

- a) Failed to properly inspect and maintain the premises, particularly the unit's plumbing in question to discover the dangerous condition, in a reasonable manner;

- b) Failed to properly maintain the premises in a safe manner;

- c) Failed to give adequate and understandable warnings to Plaintiff f the unsafe condition in the area;

- d) Failed to exercise caution;

- e) Failed to remove the dangerous condition in the unit causing the slip and fall;

- f) Failed to provide adequate plumbing within the unit;

- g) Failed to timely remove the dangerous hazard on the floor;

- h) Failed to correct an unreasonably dangerous condition that Defendant knew existed or in the exercise of reasonable diligence should have been discovered; and

- i) Failed to protect its business invitees against known dangerous conditions or conditions that in the exercise of reasonable diligence should have been discovered.

The above acts, errors, and omissions of Defendant and those of its agents, servants and employees, including but not limited to its property manager(s) and maintenance personnel, constituted negligence. At all relevant times, Defendant's agents, servants, and employees, including but not limited to its property manager(s) and maintenance personnel, were acting within the course and scope of their employment with Defendant. Defendant is therefore vicariously liable for all acts of its employees, agents, representatives, including but not limited to its property

manager(s) and maintenance personnel, under the doctrine of respondent superior. Such negligence caused Plaintiff to suffer injuries and damages for which she now sues. As a result of Defendant's negligence, Plaintiff sustained substantial injuries and damages. Defendant's gross negligence is evidenced by their conscious disregard for the safety of invitees on its premises. Therefore, Plaintiff seeks punitive damages as allowed by law.

## CAUSE OF ACTION: NEGLIGENT UNDERTAKING

All allegations are made in the alternative. As part of their agreement, Defendant acknowledged their obligation to comply with applicable federal, state, and location rules, policies, safety guidelines, as well as industry standards, in conducting their business. In particular, Defendant recognized their obligations under Texas Property Code, Chapter 92 – specifically Sec. 92.052 & Sec. 92.056.

Defendant was also aware that they had to hire and train competent and qualified employees, as well as supervise them. Defendant undertook this task with knowledge that it was necessary for the protection and safety of others. After having undertook such a task, Defendant failed to exercise reasonable care in performing the undertaking. Plaintiff relied on Defendant's undertaking and Defendant's performance of the undertaking increased Plaintiff's risk of harm.

As a direct and proximate result of Defendant's negligence in undertaking policies and procedurefor the safe operation of the floor Plaintiff suffered injuries. Defendant is therefore liable for negligent undertaking. Each of the foregoing acts and/or omissions of Defendant, singularly or incombination, constituted negligence and were a proximate cause of Plaintiff's injuries and damages.

## CAUSE OF ACTION: NEGLIGENCE VIA RES IPSA LIQUITOR

All allegations are made in the alternative. Including as set forth above, the stated acts and/or omissions of Defendant shows that (1) this incident is such that it would not ordinarily occur in the absence of negligence; and (2) the premises are shown to have been under the control of the Defendant. In view of the foregoing, Plaintiff hereby pleads the doctrine of *res ipsa loquitor*, including as to Defendant's negligent acts and/or omissions above.

## PREMISES LIABILITY-INVITEES

All allegations are made in the alternative. The occurrence made the basis of this suit and the resulting injuries and damages caused by Defendant's failure to properly maintain said premises in a safe manner. Plaintiff would show that:

a) The Plaintiff was an invitee;

b) The Defendant was a possessor of that premises;

c) The condition on the premises posed an unreasonable risk of harm;

d) The Defendant knew or reasonably should have known of the danger;

e) The Defendant breached its duty of ordinary case by both

   i. Failing to adequately warn the Plaintiff of the condition; and

   ii. Failing to make the condition reasonably safe; and

f) The Defendant's breach proximately caused the Plaintiff's injuries.

## RESPONDEAT SUPERIOR

All allegations are made in the alternative. Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for the negligent supervision, negligent training, and general negligence regarding safety on Defendant's premises were acting in the capacity as an agent, servant, and/or employee of the Defendant and were acting within the course

and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendant and should be held responsible for the acts of its agents and/or employees and/or servants. As a result of Defendant's negligence, Plaintiff sustained substantial injuries.

## DAMAGES

Plaintiff is entitled to and request the following damages:

a) Physical pain and suffering, in the past and future;

b) Mental anguish, in the past and future;

c) Physical impairment, in the past and future;

d) Medical expenses, in the past and future;

e) Out of pocket expenses;

f) Pre-judgment and post-judgment interest;

g) Exemplary damages; and

h) All other damages that Plaintiff may be entitled to at law or in equity.

## PRE-EXISTING DAMAGES

In the alternative, Plaintiff would show that if any injury and/or condition from which they currently suffer were pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendant herein.

## FRCP 26 NOTICE

Plaintiff gives notice to Defendant that they intend to use all documents and all discovery responses produced by Defendant as evidence at trial in accordance with such right and privileges established by Federal Rules of Civil Procedure 26.

## REQUEST FOR PRESERVATION

Defendant is hereby requested to retain any, and all witness statements, incident reports, videos, photographs, facsimiles, email, voice mail, text messages, and any electronic image or information related to the referenced incident and all investigative materials associated with this claim, together with all surveillance tapes of the premises on the date of this incident. Plaintiff further requests Defendant to provide a copy of the same.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Plaintiff receive judgment against Defendant in a sum within the jurisdictional limits of this Court, with pre-judgment and post-judgment interest at highest rate allowed by law, costs of suit, and such other and further relief, legal and equitable, to which she may show herself justly entitled.

Respectfully submitted,

**LONE STAR INJURY ATTORNEYS, PLLC**

_____
**Maxwell T. Paderewski**
State Bar No. 24110187
9900 Westpark Drive, Suite 200
Houston, Texas 77063
(713) 429-0711– Telephone
(281) 953-1186 – Facsimile
max@lonestarinjuryattorneys.com
**E-SERIVCE:** efile@lonestarinjuryattorneys.com

**ATTORNEYS FOR THE PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on all known counsel of record in compliance with the Federal Rules of Civil Procedure on **Wednesday, May 03, 2023.**

*<u>Via E-Service</u>*
**Cox PLLC**
**Clinton V. Cox**
**Armando S. Chiu**
2200 Post Oak Blvd, Suite 1550
Houston, Texas 77056

**ATTORNEYS FOR THE DEFENDANT**

                                                    Maxwell T. Paderewski